Filed 3/22/23 Zarum v. Hoag Memorial Hospital Presbyterian CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| LORIE ANNE GUNDERSON ZARUM, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> HOAG MEMORIAL HOSPITAL PRESBYTERIAN et al., <br><br> Defendants and Respondents. | B307854 <br><br> (Los Angeles County Super. Ct. No. BC672741) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis Landin, Judge. Dismissed.

Lorie Anne Gunderson Zarum, in pro. per., Plaintiff and Appellant.

Doyle, Schafer McMahon, Daniel W. Doyle and Terrence J. Schafer for Defendants and Respondents.

_____

Plaintiff and appellant Lorie Anne (Gunderson) Zarum appeals from the denial of a postjudgment motion in a medical malpractice action she filed against defendants and respondents Hoag Memorial Hospital and Dr. Andrea Nanci. As we conclude the order appealed from is a nonappealable order denying a motion for reconsideration, we dismiss the appeal.

### PROCEDURAL BACKGROUND

Zarum's father died in July 2011. Zarum believes that defendants' medical malpractice caused and/or hastened her father's death. Specifically, she alleges that Dr. Nanci performed an unnecessary liver needle biopsy on her father against his wishes, resulting in the spread of his cancer.

### 1. *Original Malpractice Action*

In June 2013, Zarum initially filed suit, in Orange County, against the hospital and Dr. Nanci. (*Zarum v. Hoag Hospital* (Super. Ct. Orange County, 2013, No. 30-2013 00657603).) In August 2014, Defendants obtained summary judgment on the basis of the statute of limitations. On appeal, the Fourth Appellate District, Division Three, affirmed. (*Zarum v. Hoag Memorial Hospital* (Aug. 22, 2016, G050952) [nonpub. opn.].)[1]

### 2. *Current Action*

On August 16, 2017, Zarum filed the current action in Los Angeles Superior Court, on behalf of herself and her father's estate, against the same defendants. Defendants demurred on statute of limitation and res judicata grounds. On December 15,

---

[1] Zarum did not timely seek California Supreme Court review. In the Court of Appeal, she unsuccessfully moved to recall the remittitur; then sought California Supreme Court review of the denial of her motion to recall the remittitur. This, too, was denied.

2

2017, the court sustained the demurrers, without leave to amend, based on the statute of limitations. Judgment of dismissal was entered on January 18, 2018.

Zarum brought numerous challenges to the judgment, both by notices of appeal and by postjudgment motions. When her postjudgment motions were unsuccessful, she attempted to appeal those denials as well. We provide an overview of the chronology, ending with the current appeal.

A. *B290070 – Appeal Dismissed from Judgment and Four Postjudgment Orders*

On May 15, 2018, Zarum filed a notice of appeal purporting to appeal from: (a) the January 18, 2018 judgment; (b) the January 30, 2018 denial of a motion for new trial; (c) the February 28, 2018 denial of a motion to accept late-filed evidence; (d) the March 12, 2018 denial of a motion to set aside the judgment; and (e) the May 15, 2018 denial of reconsideration of the denial of the motion to set aside.

On February 20, 2019, we dismissed Zarum's appeal from the judgment as untimely. On April 3, 2019, we dismissed the other four appeals as taken from nonappealable orders. After the California Supreme Court denied review, our remittitur issued on June 20, 2019.

On November 18, 2019, Zarum petitioned the U.S. Supreme Court for certiorari, challenging not only the dismissal of her appeals, but also the underlying rulings of both the Orange County and Los Angeles Superior Courts.[2] The U.S. Supreme Court denied certiorari on January 27, 2020.

---

[2] Zarum's certiorari petition is attached to her request for judicial notice. We grant the request in its entirety.

*B.    B304997 – Appeal Dismissed from Amended Judgment*

Following the June 20, 2019 remittitur, Dr. Nanci obtained an amended judgment awarding her costs.  The amended judgment issued on January 3, 2020.

Zarum filed two more notices of appeal, purporting to appeal (on behalf of herself and the estate) from the amended judgment.  We dismissed the estate's appeal on February 8, 2021, and Zarum's appeal on November 4, 2021, for procedural defaults.

*C.    B307854 – the Current Appeal*

On March 5, 2020, Zarum filed one final postjudgment motion.  It was captioned, in full:  "('RENEWED MOTION' AS SUPPLEMENT TO THE APPELLATE RECORD) OF **PLAINTIFF'S NOTICE OF MOTION FOR AN ORDER TO SET ASIDE AND/OR VACATE DISMISSAL[S]** THROUGHOUT THE CASE DOCTRINE" BASED ON THE PRINCIPLE OF "NEW LAW" AS EXTRINSIC FRAUD AND DECEIT PERPETRATED ON; LORIE ANNE GUNDERSON ZARUM, AND THE ESTATE OF THEODORE LEE GUNDERSON:  THEREBY QUALIFYING AS "RENEWED MOTION" [UNDER CCP SEC. 1008 (b)] OF PLAINTIFF'S PREVIOUSLY FILED MOTIONS FROM AUGUST 16, 2017 UNTIL PETITION FOR WRIT OF CERTIORARI, 11/18/2019."  (Brackets in original.)  We note that August 16, 2017, referenced in the caption, is the date of the complaint in this action; Zarum was apparently attempting to renew *all* motions she had previously filed in this case, up to her petition for certiorari.

4

On September 16, 2020, the court denied the motion, characterizing it as a "Motion to Set Aside/Vacate Dismissal."[3] According to the hospital's notice of ruling, the court denied the motion because it had no jurisdiction to entertain it. The court's minute order indicates the court admonished Zarum "not to file any more motions regarding these same issues and warn[ed] that she may be subject to monetary sanctions in the future if she does so."

On September 25, 2020, plaintiff filed a notice of appeal from this order. That is the only appeal before us.[4]

## DISCUSSION

The only order on appeal is the September 16, 2020 denial of Zarum's March 5, 2020 "renewed" motion to set aside. It is not entirely clear whether Zarum's March 5, 2020 motion should be considered a reconsideration/renewed motion under Code of Civil Procedure section 1008 or a motion to set aside under section 473.[5] We conclude it is the former, the denial of which is not

---

[3] The court's exact words were: "The Motion to Set Aside/Vacate Dismissal filed by Lori Anne Gunderson Zarum on 03/05/020 is Denied."

[4] Plaintiff filed four notices of appeal from this order (two on behalf of the estate and two on behalf of herself). On January 22, 2021, we dismissed two of them as duplicative; on January 12, 2022, we dismissed the estate's appeal for procedural default. What remains is the appeal labeled "X2" – Zarum's (personal) appeal of the order.

[5] All further statutory references are to the Code of Civil Procedure.

appealable.  However, even if we consider it as a motion to set aside, we would affirm the court's order.

### 1.    *Reconsideration/Renewed Motion*

Section 1008, subdivision (a) provides for motions for reconsideration.  Subdivision (b) governs the related practice of renewed motions.  A motion for reconsideration requests the court to "reconsider the matter and modify, amend, or revoke the prior order," based "upon new or different facts, circumstances, or law . . . ."  (§ 1008, subd. (a).)  A renewed motion is also based "upon new or different facts, circumstances, or law," but is made by a party whose initial application for an order was denied, and is seeking the same order previously sought.  (§ 1008, subd. (b).)

Zarum, in the caption of the motion itself, expressly characterized the motion as a renewed motion under section 1008.  In her papers filed with the trial court, she argued that there was "new law" which required setting aside the dismissals in this case and the original Orange County matter.[6]  This is the essence of a motion for reconsideration or renewed motion.[7]

Neither the denial of a motion for reconsideration nor the denial of a renewed motion is an appealable order.  (§ 1008, subd. (g); *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 363-364.)  We therefore dismiss the appeal as having been taken from a nonappealable order.

---

[6]    The motion was not based on new law, but, rather, law that Zarum had recently discovered.  As she explained in her reply, "[t]he new law . . . is actually very old law . . . ."

[7]    In part, the motion sought to *reconsider* the prior dismissals (§ 1008, subd. (a)); and in part, it sought to *renew* her previous postjudgment motions (§ 1008, subd. (b)).

### 2.    *Motion to Set Aside*

Even if we were to accept the trial court's characterization of Zarum's motion as a motion to set aside under section 473, it would not assist Zarum.[8]  A statutory motion for relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).)  Zarum's motion sought to set aside the dismissals in this case and the Orange County case.  Those judgments occurred years earlier (in 2018 and 2014, respectively).  A 2020 motion to set them aside would have been untimely.

The caption of Zarum's motion suggests she sought to set aside every ruling in the case from the date of her complaint to the date of her petition for certiorari, November 18, 2019.  As her motion was filed on March 5, 2020, it could have been timely only as to orders filed after September 5, 2019 (six months before March 5, 2020).  But there were no trial court orders between September 5, 2019, and November 18, 2019 (the date identified in the caption as the end of the motions she sought to renew).  If Zarum's motion were a motion to set aside, it was necessarily untimely, and we would affirm the order on that basis.[9]

---

[8]    Zarum's motion cited section 473.

[9]    To the extent Zarum seeks a writ of coram vobis, we decline to treat her appeal as a writ petition.  We also reject her request, at this late hour, for leave to amend.

7

### *DISPOSITION*

The appeal is dismissed.  Zarum is to pay defendants' costs on appeal.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

KIM, J.